IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KEANDRE CARVESE BINION,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ANN DAVIS, et al.,** )<br>)<br>**Defendants.** ) | Case No. 2:24-cv-687-RAH-CWB |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this action under 42 U.S.C. § 1983 while confined at the Chilton County Jail (*see* Doc. 1) and requested leave to proceed *in forma pauperis* (*see* Doc. 2). The court thereafter directed Plaintiff to submit an inmate account statement containing the information required by 28 U.S.C. § 1915(a)(2).[1] (*See* Doc. 4). And Plaintiff was "**cautioned that his failure to comply with this Order may result in a recommendation that the case be dismissed in its entirety**." (*See id*. at p. 2) (emphasis in original). At Plaintiff's request, the deadline was extended through December 2, 2024. (*See* Docs. 5 & 6).

Despite the court's instructions and admonition, Plaintiff failed to comply by the extended deadline. The Magistrate Judge finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff failed to take action notwithstanding being afforded additional time and

---

[1] Section 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor … shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

1

being warned about a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **December 30, 2024**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 16th day of December 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**